IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CHRISTENA WHITE,<br>Plaintiff,<br><br>vs.<br><br>SCOTT JOHN OCKEY, et al.,<br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, DIRECTING PLAINTIFF TO RESPOND TO DEFENDANT OCKEY'S MOTION TO DISMISS, GRANTING PLAINTIFF'S MOTION TO AMEND, AND DENYING WITHOUT PREJUDICE BARLOW'S, HINES', AND FIENDT'S MOTION TO QUASH SERVICE OF PROCESS<br><br>Case No. 2:06-CV-17 TS |

This matter is before the Court on a number of related motions. For the reasons discussed below, the Court will deny Plaintiff's Motion for Default Judgment and will direct Plaintiff to respond to Defendant Ockey's Motion to Dismiss. Further, the Court will grant Plaintiff's Motion to Amend and will allow her to file her Second Amended Complaint. As a result, the Court will deny Defendant Charlene Barlow's, Michael Hines', and Paul Fiendt's Motion to Quash Service of Process without prejudice.

I. BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed her Complaint on January 5, 2006.[1] Plaintiff filed her Amended Complaint on April 19, 2006.[2] Plaintiff then attempted to file a Second Amended Complaint, which was lodged.[3] The Court informed Plaintiff that she could note file a Second Amended Complaint without leave of the Court.[4] Thereafter, Plaintiff filed a Motion to Amend, seeking leave of the Court to file her Second Amended Complaint.[5]

During this time, Defendant Ockey filed a Motion to Dismiss on May 11, 2006.[6] Plaintiff has filed an Objection[7] to the Motion but has not substantively replied to Defendant's Motion to Dismiss. Plaintiff then filed a Motion for Default Judgment against Defendant Ockey.[8] Defendant Ockey has not responded to Plaintiff's Motion for Default Judgment.

Plaintiff attempted to serve Defendants Barlow, Hines, and Fiendt (the "state Defendants")[9] with her Second Amended Complaint before she obtained leave to file it. The state Defendants have subsequently filed a Motion to Quash Service of Process and a

---

[1]Docket No. 3.

[2]Docket No. 7.

[3]Docket No. 10.

[4]Docket No. 11.

[5]Docket No. 16.

[6]Docket No. 13.

[7]Docket No. 21.

[8]Docket No. 19.

[9]The Court notes that Barlow, Hines, and Fiendt are not technically Defendants in this matter, but will refer to them as the "state Defendants" for clarity.

Memorandum in Support. Since the state Defendants have not yet been added as parties in this case—because they are named Defendants in Plaintiff's Second Amended Complaint—these documents have not been filed, they have only been lodged.[10]

## II. DISCUSSION

### A. DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendant Ockey filed a Motion to Dismiss on May 11, 2006.[11] As noted, while Plaintiff has filed an Objection[12] to the Motion and has filed a Motion for Default Judgment,[13] she has not substantively replied to Defendant's Motion to Dismiss.

Plaintiff's arguments in her Motion for Default Judgment are that Defendant Ockey failed to file his Motion to Dismiss in a timely fashion and that he failed to file an answer. As to the first argument, Plaintiff states that Defendant Ockey was served on April 20, 2006. Indeed, the docket does show that a summons was issued on that date.[14] That summons, however, is flawed in that it does not set out to whom it was given.[15] Furthermore, the Court did not grant Plaintiff's Motion for Service of Process until April 26, 2006.[16] Thus, the Court finds that Defendant's Motion to Dismiss was timely filed.

---

[10]Docket No. 17.

[11]Docket No. 13.

[12]Docket No. 21.

[13]Docket No. 19.

[14]Docket No. 9.

[15]*Id.*

[16]Docket No. 8.

Plaintiff also takes issue with the fact that Defendant filed a Motion to Dismiss, rather than an answer. Under Fed.R.Civ.P. 12, either an answer or a motion to dismiss is proper. Therefore, Plaintiff's Motion fails on this ground. For these reasons, the Court will deny Plaintiff's Motion for Default Judgment. Plaintiff is directed to file a substantive response to Defendant's Motion to Dismiss within ten (10) days. Failure to do so will result in the Court granting the Motion pursuant to DUCivR 7-1(d) without further notice.

B. PLAINTIFF'S MOTION TO AMEND AND STATE DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS

Federal Rule of Civil Procedure 15(a) states that after a responsive pleading is served "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires."[17] The Supreme Court has stated that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[18] The Court finds that none of the reasons to prevent amendment given by the Supreme Court are present here. Therefore, Plaintiff's Motion to Amend Complaint is granted and Plaintiff's Second Amended Complaint will be appropriately docketed. Plaintiff may now attempt to direct service of process on the state Defendants. The Motion to Quash Service of Process will be denied without prejudice. The state Defendants may, thereafter, renew their Motion to Quash, if appropriate.

---

[17]Fed.R.Civ.P. 15(a).

[18]*Foman v. Davis*, 371 U.S. 178, 182 (1962).

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Amend (Docket No. 16) is GRANTED. The Clerk of the Court is directed to docket Plaintiff's Second Amended Complaint (Docket No. 10). Plaintiff may now attempt to direct service of process on the state Defendants. It is further

ORDERED that State Defendant's Motion to Quash Services of Process (Docket No. 17) is DENIED WITHOUT PREJUDICE. The state Defendants may re-file their Motion at a later time if appropriate. It is further

ORDERED that Plaintiff's Motion for Default Judgment (Docket No. 19) is DENIED. It is further

ORDERED that Plaintiff respond to Defendant Ockey's Motion to Dismiss (Docket No. 13) within ten (10) days. Failure to do so will result in the Court granting the Motion pursuant to DUCivR 7-1(d) without further notice.

DATED June 13, 2006.

BY THE COURT:

TED STEWART
United States District Judge