IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTENA WHITE,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT JOHN OCKEY, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND GRANTING STATE DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:06-CV-17 TS |

Plaintiff, proceeding *pro se* and *in forma pauperis*, has brought suit alleging a number of causes of action against a number of Defendants, including the State of Utah, the Utah Attorney General's Office, the Utah Department of Commerce (Securities Division), Mark Shurtleff, Charlene Barlow, Michael Hines, and Paul Feindt (hereinafter "the State Defendants"). The State Defendants have filed a Motion to Dismiss Plaintiff's Second Amended Complaint, as against them. Plaintiff has responded by filing a Motion to Strike and has also submitted a substantive response. For the reasons discussed below, the Court will deny Plaintiff's Motion to Strike and will grant the State Defendants' Motion to Dismiss.

1

I.  INTRODUCTION

Plaintiff's Second Amended Complaint[1] alleges the following causes of action against the State Defendants: (1) a defamation claim against Defendant Barlow (Fourth Cause of Action); (2) an abuse of process claim against Defendants Barlow, Hines, and Feindt (Eighth Cause of Action); (3) claims for civil rights violations against Defendants Barlow, Hines, and Feindt (Eighth and Sixteenth Causes of Action); (4) a claim for intentional interference with economic development against Defendants Barlow, Hines, and Feindt (Twelfth Cause of Action); (5) a claim for negligent interference with economic development against Defendants Barlow, Hines, and Feindt (Thirteenth Cause of Action); and (6) a claim for intentional infliction of emotional distress against Defendants Barlow, Hines, and Feindt (Fifteenth Cause of Action).

II.  PLAINTIFF'S MOTION TO STRIKE

In response to the State Defendants Motion to Dismiss, Plaintiff has filed a Motion to Strike and has also filed a substantive response.  Plaintiff's Motion to Strike provides no valid reasons for the Court to strike the State Defendant's Motion to Dismiss.  Therefore, the Motion to Strike will be denied.

III.  RULE 12(b)(6) STANDARD

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[2]  "A court reviewing the sufficiency of a complaint presumes all

---

[1]Docket No. 26.

[2]*Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

2

of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[3]  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[4]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[5]

## IV.  DISCUSSION

The State Defendants argue that the Court should dismiss Plaintiff's Second Amended Complaint on the following grounds: (1) the Eleventh Amendment bars Plaintiff's claims against the State, its divisions, and its employees in their official capacities; (2) Defendant Shurtleff is not affirmatively linked to the alleged constitutional violations; (3) Plaintiff's state law tort claims are barred by the Utah Governmental Immunity Act; (4) the State of Utah, its divisions, and employees, in their official capacities, are immune from suit; (5) Defendant Barlow is entitled to absolute immunity; (6) Plaintiff fails to plead a claim for defamation against Barlow and the claim is barred by the statute of limitations; and (7) Defendants Hines and Feindt are entitled to qualified immunity.

---

[3] *Hall v. Bellmon*, 935 F.2d 1006, 1109 (10th Cir. 1991).

[4] *Id*. at 1110.

[5] *Id*.

A.      ELEVENTH AMENDMENT IMMUNITY

The State Defendants first argue that the Eleventh Amendment bars Plaintiff's § 1983 claims—Plaintiff's Eighth and Sixteenth Causes of Action.  The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[6]  The Eleventh Amendment bars suits for damages against a state or arms of the state in federal court, absent a waiver of immunity by the state.[7]  The Eleventh Amendment also applies to state officers sued for damages in their official capacities because they assume the identity of the government that employs them.[8]

There are two circumstances in which a citizen may sue a State in federal court without running afoul of the Eleventh Amendment: (1) where the state waives immunity; or (2) where Congress specifically abrogates Eleventh Amendment immunity.  Here, the state has not waived its Eleventh Amendment immunity.[9]  Moreover, the passage of § 1983 was not intended to abrogate Eleventh Amendment immunity.[10]

Further, the state, its divisions, and its employees, in their official capacities are not subject to suit under § 1983.  "Neither the state, nor a governmental entity that is an arm of the

---

[6]U.S. Const. amend XI.

[7]*Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

[8]*Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

[9]*Richins v. Indus. Constr., Inc.*, 502 F.3d 1051 (10th Cir. 1974) (Utah Government Act did not constitute waiver of Eleventh Amendment immunity).

[10]*Quern v. Jordan*, 40 U.S. 332, 345 (1979).

state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983."[11] Thus, Plaintiff's § 1983 claims—Plaintiff's Eighth and Sixteenth Causes of Action—are dismissed as against the State Defendants.

B.   CLAIMS AGAINST DEFENDANT SHURTLEFF

"To prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must establish the defendant acted under color of state law and caused or contributed to the alleged violation."[12] A plaintiff must show that the defendant personally participated in the alleged violation.[13] Conclusory allegations are not enough to satisfy this burden.[14]

There is no concept of strict supervisor liability under § 1983.[15] But a state actor who participated in a violation in a supervisory role may incur liability.[16] It is not enough, however, "for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, just as with any individual defendant, the plaintiff must

---

[11] *Harris v. Champion*, 51 F.3d 901, 905–06 (10th Cir. 1995).

[12] *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

[13] *Id.*

[14] *Id.*

[15] *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005).

[16] *Jenkins*, 81 F.3d at 994.

establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'"[17] In order to satisfy this standard, a plaintiff must show that "the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance."[18]

Here, Plaintiff's Second Amended Complaint is completely devoid of any mention of Defendant Shurtleff, other than naming him as a party. Thus, the Court finds that Plaintiff has failed to establish any affirmative link between the allegation made in her Second Amended Complaint and Defendant Shurtleff.[19] Therefore, Defendant Shurtleff is dismissed from this action.

C.      THE UTAH GOVERNMENTAL IMMUNITY ACT

The Utah Governmental Immunity Act ("UGIA")[20] mandates that a person having a claim for injury shall direct and deliver a notice of claim to "the attorney general within one year after the claim arises," for "an act or omission occurring during the performance of an employee's duties, within the scope of employment, or under color of authority."[21] Utah courts have

---

[17]*Id*. at 994–95 (quoting *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992)).

[18]*Id*. at 995.

[19]*See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1156–57 (10th Cir. 2001).

[20]Utah Code Ann. § 63-30-1 *et seq*. In 2004, the UGIA was repealed and re-enacted under Utah Code Ann. § 63-30d-101 *et seq*. Since the injuries alleged here occurred before July 1, 2004, the Court will employ the prior version of the UGIA.

[21]Utah Code Ann. § 63-30-12.

"consistently and uniformly held that suit may not be brought against the State or its subdivisions unless the requirements of the Governmental Immunity Act are strictly followed."[22]

Plaintiff filed her Notice of Claim on May 2, 2006.  All of Plaintiff's claims against the State Defendants, however, arose in either 2001 or 2002, except for Plaintiff's defamation claim against Defendant Barlow, which arose in 2004.  Since Plaintiff did not file a timely notice of claim, Plaintiff's claims are barred by the UGIA.

The State Defendants further argue that they are immune from suit under the UGIA.  Determining whether the State Defendants are immune from suit under the UGIA requires the Court to answer three questions: (1) was the activity the entity performed a governmental function and therefore immunized from suit by the general grant of immunity contained in Utah Code Ann. § 63-30-3; (2) if the activity undertaken was a governmental function, has some other section of the Act waived that blanket immunity; and (3) if the blanket immunity has been waived, does the Act also contain an exception to that waiver which results in a retention of immunity against the particular claim asserted in this case.[23]

Here, the act of investigating and prosecuting a securities violation clearly falls within the definition of a "governmental function."  Thus, this first step is met.

Second, the Court must determine whether immunity has been waived.  Immunity is waived for injury proximately caused by a negligent act or omission of an employee committed

---

[22]*Hall v. Utah State Dep't of Corr.*, 24 P.3d 958, 965 (Utah 2001).

[23]*Ledfors v. Emery County Sch. Dist.*, 849 P.2d 1162, 1164 (Utah 1993).

within the scope of employment.[24]  Thus, immunity is waived for Plaintiff's claims that Defendants Barlow, Hines, and Feindt engaged in negligent acts.  That immunity is not waived, however, for Plaintiff's claims that these Defendants engaged in intentional torts and those claims must be dismissed.

The third step is to determine whether there is an exception to that waiver of immunity which results in a retention of immunity.  Section 63-30-10 contains numerous exceptions which apply here.  Therefore, the Court finds that the UGIA bars Plaintiff's tort claims.

D.     PROSECUTORIAL IMMUNITY

The Supreme Court, in *Imbler v. Pachtman*,[25] held that prosecutors are entitled to absolute immunity brought pursuant to § 1983 for activities "intimately associated with the judicial phase of the criminal process."[26]  Plaintiff's claims against Defendant Barlow arise from her prosecution of Plaintiff for securities violations.  As a result, Defendant Barlow enjoys absolute immunity for her actions relating to the prosecution of Plaintiff.  Therefore, Plaintiff's claims against Defendant Barlow must be dismissed.

E.     PLAINTIFF'S DEFAMATION CLAIM AGAINST DEFENDANT BARLOW

In order to state a claim for defamation under Utah law, Plaintiff "must show that defendant published the statements concerning [her], that the statements were false, defamatory,

---

[24] Utah Code Ann. § 63-30-10.

[25] 424 U.S. 409 (1976).

[26] *Id*. at 995.

and not subject to any privilege, that the statements were published with the requisite degree of fault, and that their publication resulted in damage."[27]

Here, Plaintiff's defamation claim against Defendant Barlow—Plaintiff's Fourth Cause of Action—fails because Plaintiff failed to plead that the statements were false. Therefore, Plaintiff's defamation claim must be dismissed.

F.  QUALIFIED IMMUNITY

Since Plaintiff's Second Amended Complaint must be dismissed as against the State Defendants for the numerous reasons stated above, the Court finds it unnecessary to discuss the State Defendant's qualified immunity claim.

V. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Strike (Docket No. 40) is DENIED. It is further

ORDERED that State Defendants' Motion to Dismiss (Docket No. 34) is GRANTED.

DATED   August 7th, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[27] *West v. Thomson Newspapers*, 872 P.2d 999, 1007 (Utah 1994).