IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTENA WHITE,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>SCOTT JOHN OCKEY, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT OCKEY'S MOTION TO DISMISS AND CLOSING CASE<br><br><br><br><br>Case No. 2:06-CV-17 TS |

This matter comes before the Court on Defendant Scott John Ockey's Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

The history of the parties involved in the above-entitled case is complicated and lengthy. Defendant Ockey filed suit against Plaintiff in Utah state court on October 18, 2001.[1]  Summary judgment was entered in favor of Ockey and against White in that action.  That decision was later

---

[1]Docket No. 15.

1

reversed and remanded by the Utah Court of Appeals.[2]  In addition to the state court suit, White brought suit against Ockey in this Court, before Judge Campbell.[3]  The matter before Judge Campbell was dismissed[4] as a result of the continuing action in state court.  The state court action was subsequently resolved, after a bench trial, in Ockey's favor, on April 20, 2006.[5]  White brought this action against Ockey and a number of others.

Defendant now argues that Plaintiff's claim must be dismissed because all of Plaintiff's claims in the present action arise from the same landlord/tenant action that was the subject of the state court proceedings.  Defendant argues that all of Plaintiff's claims were compulsory counterclaims that could have, but were not, raised in that action.

## II.  DISCUSSION

"The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was *or could have been* the subject of a previously issued final judgment."[6] "Under Tenth Circuit law, claim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits."[7]  "If these requirements are met, res judicata is

---

[2] *Ockey v. White*, 2004 UT App. 11, ¶ 2, 2004 WL 103188 (unpublished opinion).

[3] *White v. Ockey*, 2:03-CV-690 TC.

[4] *See* Docket No. 45, Civil No. 2:03-CV-690 TC.

[5] *See* Docket No. 15, Civil No. 2:06-CV-17 TS.

[6] *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (emphasis added).

[7] *Id*.

appropriate unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in the prior suit."[8]

Here, the parties to the prior state action were the same. A final judgment was rendered in the state action on April 20, 2006, wherein judgment was granted in favor of Ockey after a bench trial. In addition, the identity of the cause of action is also present in both suits.

The Tenth Circuit has adopted a "transactional approach" to determine what constitutes a cause of action for preclusion purposes. The Tenth Circuit has stated:

> The third element requires that the suits be based on the same cause of action. This circuit embraces the transactional approach to the definition of "cause of action." Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation.[9]

Here, all of Plaintiff's allegations arise out of the same landlord/tenant dispute and the activities that followed, which were the subject of the state action. Thus, the third prong of claim preclusion is met. Finally, there is no indication that White did not have a full and fair opportunity to litigate her claims in the prior state action. While White alleges that her counterclaims were dismissed on a legal technicality, there is no evidence that she did not have a full and fair opportunity to litigate them. Accordingly, Plaintiff's suit, as against Defendant Ockey, is barred by res judicata.

---

[8] *Id*. (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999)).

[9] *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) (internal quotation marks and citations omitted). *See also Yapp*, 186 F.3d at 1227.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant Ockey's Motion to Dismiss is GRANTED.  The Clerk of the Court is directed to close this case forthwith.

DATED   August 7th, 2006.

>                     BY THE COURT:
>
>                     _____
>                     TED STEWART
>                     United States District Judge