IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTENA WHITE,<br><br>　　　Plaintiff,<br><br>vs.<br><br>SCOTT JOHN OCKEY, ET AL.,<br><br>　　　Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:06-CV-17 TS |

　　　This matter is before the Court on Plaintiff's second Motion for Reconsideration,[1] and Defendant Ockey's Motion Requesting Sanctions against Plaintiff.[2] Both parties proceed *pro se* in these motions.

　　　Plaintiff requests that the Court issue "a protective Order or similar to a Restraining Order" against Defendants in this case. Plaintiff makes this request pursuant to Fed. R. Civ. P.

---

[1]Docket No. 56.

[2]Docket No. 57.

1

59(e). Plaintiff essentially asks this Court to reconsider its August 22, 2006 Order[3] Denying Plaintiff's Motion to Amend Judgment.[4]

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[5] "Thus, a Motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[6]

The Court will deny Plaintiff's Motion. None of the above-mentioned factors are applicable here, and Plaintiff seeks to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

Defendant Ockey requests that the Court impose "sanctions" against Plaintiff in the amount of $6,027.53, the amount of attorneys' fees Ockey alleges he has incurred. Ockey concedes that he has "represent[ed] himself Pro Se in most of this Litigation." Under Utah law, and as it relates to Plaintiff's state law claims, the general rule is "that *pro se* litigants should not recover attorney fees for successful litigation."[7] Moreover, under federal law, especially as it

---

[3] Docket No. 55.

[4] Docket Nos. 53 and 54.

[5] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[6] *Id*.

[7] *Jones, Waldo, Holbrook & McDonough v. Dawson*, 923 P.2d 1366, 1375-76 (Utah 1996).

relates to Plaintiff's civil rights claims under Title VII, a defendant is not entitled to attorney's fees on the grounds that a plaintiff's civil-rights complaint was frivolous where the defendant acted pro se in defending the action and thus was not eligible for an award of attorney's fees.[8] Accordingly, the Court will deny Defendant Ockey's Motion.  It is therefore

ORDERED that Plaintiff's second Motion for Reconsideration (Docket No. 56) is DENIED.  It is further

ORDERED that Defendant's Motion for Sanctions (Docket No. 57) is DENIED.  It is further

ORDERED that all outstanding motions or requests in this action are MOOT.

DATED   February 15, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8] *See, e.g., Copus v. City of Edgerton*, 959 F.Supp.1047, 1052-53 (W.D. Wis. 1997) (citing *Kay v. Ehrler*, 499 U.S. 432, 438 (1991), *aff'd in part, rev'd in part on other grounds*, 151 F.3d 646 (7th Cir. 1998)).